```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
SUDHIR KUMAR CHAWLA,                :
                                    :
                Petitioner,         :
                                    :
           -against-                :          OPINION
                                    :      06 Civ. 7625 (RLC)
UNITED STATES OF AMERICA,           :
                                    :
                Respondent.         :
                                    :
------------------------------------X
```

APPEARANCES

Law Offices of Thomas E. Moseley
Attorneys for Petitioner
One Gateway Center--/Suite 2600
Newark, NJ 07102

      THOMAS EDWARD MOSELEY
          Of Counsel


U.S. Attorney's Office
Attorneys for Respondent
86 Chambers Street
New York, NY 10007

      ANDREW MARTIN MCNEELA
          Of Counsel


ROBERT L. CARTER, District Judge

**BACKGROUND**

Petitioner was born in India and is a citizen of that country. Chawla became a lawful permanent resident of the United States on August 4, 1978. On March 20, 1989, Chawla was charged in this district in a three-count indictment with violations of the federal Controlled Substances Act. The first count alleged that petitioner had conspired to distribute, and to possess with intent to distribute, approximately two and a half kilograms of heroin. The second and third counts of the indictment charged petitioner with possession of heroin with intent to distribute.

After several days of evidence at trial in June 1989, Chawla pleaded guilty to two counts and was therefore convicted on June 14, 1989 of (1) conspiracy to distribute heroin and to posses heroin with intent to distribute in violation of 21 U.S.C. § 846; and (2) possession with intent to distribute more than one kilogram of mixtures and substances containing heroin in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). His guilty plea was sealed and Chawla began cooperating with the law enforcement on a narcotics investigation.

Chawla claims that agents of the then Immigration & Naturalization Service ("INS")[1] repeatedly promised that he would not be deported because of his cooperation with the government. Chawla's guilty plea was unsealed on April 3, 1991 and the court sentenced Chawla to a five-year term of imprisonment. While serving his sentence at the Federal Detention Center in Oakdale, Louisiana, Chawla was placed in deportation proceedings and an Immigration Judge ordered him deported on June 23, 1992. On July 19, 1992, Chawla was paroled from serving his criminal sentence and released to INS under an order of supervision. Chawla claims that he continued his cooperation with the government and that the government assured him that the deportation order would not be enforced against him. On September 7, 2006, Chawla was

---

[1] As of March 1, 2003, the United States Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security ("DHS") replaced the INS with respect to issues relating to the enforcement of the immigration laws.

taken into ICE custody in advance of his removal from the United States, and he is currently detained at the Hudson County Correctional Facility in Hackensack, New Jersey.

On September 18, 2006, Chawla filed a petition for a writ of error *coram nobis*. Chawla amended that petition on October 24, 2006 to add additional defendants and claims under 28 U.S.C. § 2241 and the Suspension Clause, U.S. Const., art. I, § 9, cl. 2. Petitioner argues that at the time of his plea in 1989, neither the government, nor his criminal defense attorney properly advised him of his right to apply for a judicial recommendation against deportation pursuant to 8 U.S.C. § 1251(b)(2) (1988) *repealed* by Immigration Act of 1990 ("1990 Act"), Pub. L. No. 101-649, § 505, 104 Stat. 4978, 5050 (1990). Petitioner further argues that the Department of Homeland Security has now violated an agreement not to deport him in exchange for his cooperation with the government. Chawla claims that had he been advised of his right to seek judicial recommendation against deportation, he would have done so prior to November 29, 1990, when the Immigration Act of 1990 eliminated such requests. Chawla argues that *coram nobis* is appropriate based on ineffective assistance of counsel because of his attorney's failure to seek a judicial recommendation against deportation. As relief, Chawla requests that the court either entertain an application for a judicial recommendation against deportation *nunc pro tunc* or, alternatively, vacate his 1989 conviction.

On September 20, 2006, Judge Lynch, sitting as the Part I Judge entered an order setting a due date by which respondents were required to file opposition or other pleadings and mandating that "movant's removal or deportation is hereby stayed" in order "[t]o preserve the Court's jurisdiction over the case . . . ." (Sept. 20, 2006 Order). On October 3, 2006, the government filed a motion to vacate the stay of removal, which is now pending before this court.

Also currently before the court is Chawla's October 2, 2006 motion for an order releasing him from custody on bail.

**DISCUSSION**

I.  *Corum Nobis* Petition

Where "extraordinary circumstances" are present, federal courts are authorized to grant the ancient common law writ of error *coram nobis* under the terms of the All Writs Act, 28 U.S.C. § 1651(a).[2]  United States v. Morgan, 346 U.S. 502 (1954).  *Coram nobis* is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of *habeas corpus*."  Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998) (*per curiam*).  To obtain relief under the writ of *coram nobis*, petitioner must demonstrate that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.  Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996); Fleming, 146 F.3d at 90.  When reviewing a petition for a writ of *corum nobis*, courts must "presume that the proceedings were correct" and the "burden rests upon the [petitioner] to show otherwise."  U.S. v. Morgan, 346 U.S. at 512; accord Fleming, 146 F.3d at 90; Foont, 93 F.3d at 78-79; Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992);.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms," which caused prejudice.  Strickland v. Washington, 466 U.S. 668, 687-88, 693-94 (1984).  Under the first prong of the Strickland test, a reviewing court "must indulge a

---

[2] The all-writs section of the Judicial Code provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a)

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  With regard to the second prong, the petitioner must show a reasonable likelihood that "but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694.

At the time of Chawla's sentencing, 8 U.S.C. § 1251(b)(2) permitted defendants convicted of certain "moral turpitude" offenses to request that the sentencing court make a binding "recommendation" to the Attorney General that the alien not be deported.[3]  That provision, however, specifically directed that it "shall not apply in the case of any alien who is charged with being deportable from the Untied States under subsection (a)(11) of this section." That provision, 8 U.S.C. § 1251(a)(11) includes "a violation of, or a conspiracy to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance."  Chawla, having pleaded guilty and been convicted on June 14, 1989 of (1) conspiracy to distribute heroin and to posses heroin with intent to distribute in violation of 21 U.S.C. § 846; and (2) possession with intent to distribute more than one kilogram of mixtures and substances containing heroin in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A), was therefore statutorily ineligible to apply for relief under § 1251(b)(2).  As such, his counsel's failure to inform him of relief that he was ineligible to receive did not constitute ineffective assistance of counsel; it did not fall below "an objective standard of reasonableness" and the

---

[3] Subsection (b) stated in relevant part:

> The provisions of subsection (a)(4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply * * * if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter. The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a)(11) of this section. 8 U.S.C. § 1251(b) transferred by Pub. L. 104-208, div. C., title III, § 305(a)(2), Sept. 30, 1996, 110 Stat. 3009-598.

result of the proceeding would not have been different but for the claimed failure. Chawla's petition for *corum nobis* is DENIED and the petition is dismissed.

II.     *Habeas Corpus*  Motion

28 U.S.C. § 2241(a) provides:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

A § 2241 petitioner may only challenge his physical confinement in the district court having territorial jurisdiction over his immediate custodian, here the United States District of New Jersey. See Rumsfeld v. Padilla, 542 U.S. 426 (2004); Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997). Since petitioner currently being detained by ICE at the Hudson County Correctional Facility in Hackensack, New Jersey, the District Court in the District of New Jersey is the only court with jurisdiction over petitioner's § 2241 claim. Thus, petitioner's § 2241 is hereby transferred to the District of New Jersey.

III.    Bail Motion

Under Mapp v. Reno, 241 F.3d 221 (2d Cir. 2003), federal courts "have inherent power to grant bail in any case where they may properly assert jurisdiction . . . ." However, since, as discussed above, this court does not have jurisdiction over Chawla's confinement in New Jersey, this motion for bail is also transferred to the District of New Jersey.

IV.     Motion to Vacate the Stay of Removal

In the interest of judicial efficiency, since petitioner's habeas corpus claim and motion for an order to be released on bail are being transferred to the District of New Jersey, the

government's motion to vacate the stay of removal is also transferred to the District of New Jersey.

## CONCLUSION

For the above reasons, Chawla's petition for a writ of *corum nobis* is DENIED and dismissed with prejudice. Petitioner's § 2241 claim and motion for bail and the government's motion to vacate the stay of removal are TRANSFERRED to the United States District Court for the District of New Jersey. The clerk is directed to transfer the case file to the District of New Jersey.

**IT IS SO ORDERED**

DATED:   New York, New York
         June 21, 2007

**ROBERT L. CARTER**
**U.S.D.J.**

- 6 -